NOTICE

Decision filed 10/10/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230276-U

NO. 5-23-0276

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* L.H., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Madison County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-JA-221 |
| | ) | |
| Justin C., | ) | Honorable |
| | ) | Amy Maher, |
| Respondent-Appellant). | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's finding that the respondent father was unfit based on depravity was not against the manifest weight of the evidence. Also, the trial court's finding that it was in the minor child's best interests to terminate the respondent father's parental rights was not against the manifest weight of the evidence. Accordingly, we affirm the court's termination of the respondent father's parental rights.

¶ 2    The respondent, Justin C., was found to be an unfit parent and his parental rights were terminated as to his minor child, L.H., by the circuit court of Madison County. Justin C. appeals

1

the fitness findings made on February 1, 2023, but does not challenge the best-interests finding. Justin C. filed a notice of appeal, and this court granted him leave to file a late notice of appeal.[1]

¶ 3 Termination of parental rights proceedings are governed by the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq.* (West 2022)) and the Adoption Act (750 ILCS 50/0.01 *et seq.* (West 2022)). *In re D.T.*, 212 Ill. 2d 347, 352 (2004). A petition to terminate parental rights is filed under section 2-29 of the Juvenile Court Act, which delineates a two-step process to terminate parental rights involuntarily. 705 ILCS 405/2-29(2) (West 2022). The State must first establish, by clear and convincing evidence, that the parent is an unfit person under one or more of the grounds enumerated in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2022)). 705 ILCS 405/2-29(2), (4) (West 2022); *In re Gwynne P.*, 215 Ill. 2d 340, 349 (2005).

¶ 4 A finding of parental unfitness will not be disturbed on appeal unless it is against the manifest weight of the evidence. *In re M.I.*, 2016 IL 120232, ¶ 21. A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent. *Id.* The circuit court's finding of unfitness is given great deference because it has the best opportunity to make factual findings and credibility assessments. *In re M.J.*, 314 Ill. App. 3d 649, 655 (2000); *In re L.L.S.*, 218 Ill. App. 3d 444, 458 (1991). This court, therefore, will not reweigh the evidence or reassess the credibility of the witnesses. *In re M.A.*, 325 Ill. App. 3d 387, 391 (2001). Each case concerning parental fitness is unique and must be decided on the particular facts and circumstances presented. *In re Gwynne P.*, 215 Ill. 2d at 354. In addition, because each of the statutory grounds of unfitness is independent, the circuit court's finding may be affirmed where the evidence

---

[1]As a preliminary matter, because this appeal involves a final order terminating parental rights, Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018) requires that, except for good cause shown, the appellate court issue its decision within 150 days of the filing of the notice of appeal. Accordingly, the decision in this case was due on September 25, 2023. The case was submitted on September 28, 2023, and we now issue this Rule 23 order.

supports a finding of unfitness as to any one of the alleged grounds. *In re C.W.*, 199 Ill. 2d 198, 217 (2002).

¶ 5    Here, the trial court found Justin C. unfit on the following grounds: (1) he failed to make reasonable progress toward the child's return during any nine-month period following the adjudication of neglect, specifically between March 25, 2021, through the date of the filing of the petition for termination of parental rights; (2) he was currently incarcerated, he had little to no contact with L.H. before his incarceration, and his incarceration prevented him from discharging his parental responsibilities for a period in excess of two years; and (3) he was depraved.

¶ 6    Depravity has been defined as an inherent deficiency of moral sense and rectitude. *In re P.J.*, 2018 IL App (3d) 170539, ¶ 13. A parent's depravity may be shown by a series of acts or a course of conduct that indicates a moral deficiency and an inability to conform to accepted morality. *In re J'America B.*, 346 Ill. App. 3d 1034, 1045 (2004). Section 1(D)(i) of the Adoption Act creates a rebuttable presumption of depravity where the parent has been criminally convicted of at least three felonies and where one of those convictions took place within five years of the filing of the petition to terminate parental rights. 750 ILCS 50/1(D)(i) (West 2022). However, because the presumption is rebuttable, the parent is still able to present evidence showing that, despite his convictions, he is not depraved. *In re P.J.*, 2018 IL App (3d) 170539, ¶ 13. If the parent presents evidence rebutting the presumption, the presumption is removed, and the issue is determined based on the evidence presented. *Id.* When determining depravity, the trial court is required to closely scrutinize the character and credibility of the parent, and the reviewing court should give deferential treatment to the trier of fact's decision. *In re Adoption of K.B.D.*, 2012 IL App (1st) 121558, ¶ 201.

3

¶ 7    In this case, the State presented evidence that Justin C. was convicted of the following felonies: possession of a controlled substance in 2003; aggravated battery causing great bodily harm in 2003; obstruction of justice in 2008; burglary in 2010; possession of methamphetamine manufacturing and obstruction of justice in 2013; possession of methamphetamine in 2018; and aggravated unlawful possession of a stolen vehicle, aggravated fleeing and attempt to elude a police officer, and driving with license revoked (subsequent violation) in 2022. Four of these convictions occurred within five years of the filing of the initial petition to terminate parental rights in September 2022 and the amended petition seeking to terminate his parental rights in October 2022. This evidence was sufficient to raise a rebuttable presumption of depravity under section 1(D)(i) of the Adoption Act.

¶ 8    Justin C. argues that, even though his criminal history gives rise to a rebuttable presumption of depravity, he presented enough evidence to rebut that presumption. Specifically, he notes that he presented concrete steps of a plan of action once he was released from incarceration; his plan included home ownership, obtaining legal employment, and conforming with societal norms. He argues that, even with the Illinois Department of Children and Family Services doing the bare minimum to assist him in gaining the skills to overcome his past, he was able to learn a skill in a trade, find resources in dealing with addiction, and acquire more education while being incarcerated. He also notes that he completed the majority of his service plan requirements.

¶ 9    In finding Justin C. unfit based on depravity, the trial court noted that he had a 20-year history of criminal behavior, and, although none of the convictions rose to the level of murder, that history, taken as a whole, demonstrated a lack of ability to conform to societal norms. The court recognized that Justin C. expressed a willingness to make a change in the future but noted that "we are not looking at the future for the purpose of this hearing." Although Justin C. had verbalized a

4

commitment to L.H. and was taking advantage of vocational training and other services while incarcerated, this does not overcome the presumption of depravity. The evidence showed that he had a long history of criminality, which has led to his incarceration throughout much of L.H.'s young life; he was currently incarcerated with a five-year sentence and had a projected parole date of March 7, 2024;[2] and he was arrested for retail theft after the initial petition to terminate his parental rights was filed[3] (he was convicted and sentenced in 2022). Moreover, although he had technically completed his services related to mental health and substance abuse, there was testimony that he was not entirely truthful on his substance abuse assessment, which led to no recommendations being made for substance abuse and mental health services. Based on the above, the trial court's finding that Justin C. was depraved was not against the manifest weight of the evidence. Because the grounds of unfitness are independent, we need not address the remaining grounds.

¶ 10    Thus, we affirm the circuit court's fitness finding made on February 1, 2023, and the order terminating Justin C.'s parental rights entered on March 6, 2023.


¶ 11    Affirmed.

---

[2]Although we recognize that Justin C. testified that he expected to be paroled in October 2023 (and potentially even earlier), March 7, 2024, is his projected parole date based on the Illinois Department of Corrections' website. His projected discharge date is March 7, 2026.

[3]This conviction was admitted by the State to impeach Justin C.'s testimony that he had changed since L.H.'s birth.